# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1840V
Filed: July 25, 2022
UNPUBLISHED

|  |  |
|---|---|
| MISTY RASTETTER and MATTHEW RASTETTER, on behalf of their son, G.R., a minor,<br><br>                      Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Special Master Daniel Horner<br><br>Ruling on Entitlement; Concession; Causation-In-Fact; Influenza ("Flu") vaccine; Guillain-Barre syndrome ("GBS") |

*John Robert Howie, Jr.*, Howie Law, P.C., Dallas, TX, for petitioner.
*Catherine Stolar*, U.S. Department of Justice, Washington, DC, for respondent.

## **RULING ON ENTITLEMENT**[1]

      On December 4, 2019, Misty and Matthew Rastetter ("petitioners"), filed a petition on behalf of their minor son, G.R., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that G.R.'s influenza ("flu") vaccination on November 2, 2017, caused him to develop Guillain-Barre syndrome ("GBS"). (ECF No. 1, p. 1.)

      On July 25, 2022, Respondent filed an Amended Rule 4(c) Report in which he concedes that petitioners are entitled to compensation in this case. (ECF No. 51, p. 1.) Specifically, Respondent states that:

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

> G.R. had bilateral flaccid limb weakness and decreased or absent deep tendon reflexes; a monophasic illness pattern; an interval between onset and nadir of weakness between twelve hours and twenty-eight days; a subsequent clinical plateau without significant relapse; and no more likely alternative diagnosis. § 100.3(a), (c)(15)(i)-(ii). Therefore, petitioners are entitled to a presumption of vaccine causation.

(*Id.* at 8.)  Although DICP medical personnel "initially considered a recent EBV infection to constitute a more likely alternate cause for G.R.'s GBS, having reviewed the parties' subsequently filed expert reports, DICP concluded that preponderant evidence does not support a factor unrelated to the flu vaccine as the cause of G.R.'s GBS." (*Id.* at n. 5 (citation omitted).)  Respondent agrees that "the records also show that this case was timely filed, that G.R. received his vaccination in the United States, and that petitioners satisfied the statutory severity requirement insofar as G.R. suffered the residual effects or complications of his injury for more than six months after vaccine administration." (*Id.* at 4 (citations omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master
