# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1840V
Filed: August 15, 2024
UNPUBLISHED

|  |  |
|---|---|
| GABRIEL RASTETTER,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*John Robert Howie, Jr.*, Howie Law, PC, Dallas, TX, for petitioner.
*Catherine Elizabeth Stoler*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 4, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.* (2012),[2] (the "Vaccine Act"). (ECF No. 1.) Petitioner alleged that he suffered Guillain Barre Syndrome. (*Id.*) On August 3, 2023, the undersigned issued a decision awarding compensation to petitioner. (ECF No. 70.) On November 7, 2023, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 75.) Petitioner requests a total of $142,920.94 for attorneys' fees and costs.[3] (ECF Nos. 65, 75.) Petitioner filed a signed

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

[3] Specifically, within a motion for interim attorneys' fees and costs, petitioner requested $96,290.20 in attorneys' fees and $36,440.94 in attorneys' costs. (ECF No. 65.) In the motion for final attorneys' fees and costs, petitioner requested an additional $10,189.80. (ECF No. 75.) This decision addresses both motions collectively.

statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 65-4; ECF No. 75-3.)

On November 14, 2023, respondent filed a response to petitioner's motion. (ECF No. 76.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2 (citations omitted). Respondent requests that the court exercise its discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request. (ECF No. 65-2, 65-3, 65-5; ECF No. 75-2.) In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates. Specifically, the requested rates are consistent with what has previously been awarded, the hours billed are reasonable, and the requested costs are reasonable and sufficiently documented. Although the number of hours Dr. Gardner billed were quite high, she reduced her fee in an exercise of billing judgment to an amount appropriate for the three reports she produced in this case.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $142,920.94[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel John Robert Howie, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

> **s/Daniel Horner**
> Daniel Horner
> Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, including "advanced costs" as well as fees for legal services rendered. Furthermore, § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck ex rel. v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.